IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THOMAS HOLT JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 24-cv-01727 |
| v. | ) |
| | ) Judge LaShonda A. Hunt |
| ONEMAIN FINANCIAL GROUP, LLC, | ) |
| | ) Magistrate Judge Gabriel A. Fuentes |
| Defendant. | ) |
| | ) |

**MOTION TO DISMISS PLAINTIFF'S COMPLAINT
PURSUANT TO RULE 12(b)(6)**

NOW COMES Defendant, OneMain Financial Group, LLC ("OneMain"), by its undersigned counsel, and hereby moves the Court for an Order dismissing Plaintiff's Complaint pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. In support thereof, OneMain states as follows:

**INTRODUCTION**

Plaintiff's Complaint (Dkt. No. 1, Ex. A) should be dismissed because it fails to plead sufficient facts to state a claim for relief that is plausible on its face. Indeed, Plaintiff's Complaint is devoid of *any* specific facts relevant to his alleged legal claims, and his legal claims themselves are both confusing and outlandish. Because Plaintiff's Complaint is nearly impossible to decipher, it should be dismissed for failure to state a claim—Plaintiff has not given OneMain fair notice of what his legal claims are and the grounds upon which they rest. But even accepting Plaintiff's allegations as true (and all reasonable inferences therefrom), Plaintiff has not (and cannot) sufficiently allege a cause of action under any of the various legal theories that he presumably

1

relies on. For all of these reasons, Plaintiff's Complaint should be dismissed without leave to amend.

## LEGAL STANDARD

For cases such as this one that have been removed from state to federal court, federal pleadings standards apply to motions to dismiss under Rule 12(b)(6). *Johnson v. Hondo, Inc.*, 125 F.3d 408, 417-18 (7th Cir. 1997) (court concludes that federal pleading standards apply to case removed from state court). Turning to those standards, to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A party must allege all elements of the asserted cause of action necessary for recovery." *Clorox Co. v. Chromium Corp.*, 158 F.R.D. 120, 123 (N.D. Ill. 1994) (*citing Ellsworth v. City of Racine*, 774 F.2d 182, 184 (7th Cir. 1985)). "[I]n considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th. Cir 2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Rule 8(a) of the Federal Rules of Civil Procedure requires a plaintiff to provide a short and plain statement of the claim showing that the plaintiff is entitled to relief. The plaintiff's statement must give the defendant fair notice of what the claim is and the grounds upon which it rests. *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 512 (2002). Courts dismiss complaints when the factual detail is "so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007). Plaintiffs are obligated to provide the grounds for their

entitlement to relief using more than just "labels and conclusions." *See Bell Atlantic*, 127 S. Ct. at 1964-65. As noted by the United States Supreme Court, "a formulaic recitation of the elements of a cause of action will not do." *See id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation")).

## ARGUMENT

Plaintiff's Complaint should be dismissed because he has not plead sufficient facts to state a plausible claim for relief. Here, Plaintiff fails to even plead a formulaic recitation of the elements of his claims—instead, he merely cites to various statutes and other sources which are clearly irrelevant to this dispute. Plaintiff appears to allege that his vehicle was improperly repossessed.[1] *See* Compl., pp. 2-3. Plaintiff argues, without support, that OneMain committed violations of the following:

> the Truth in Lending Act (TILA), the Securities Exchange Act Rule 10b-5, Illinois Statutes Chapter 720, § 5/16-1 (a)(2), GAAP (Generally Accepted Accounting Principles), the Fifth Amendment of the United States Constitution, Public Policy 7310, and House Joint Resolution (HJR) 192.

*See* Compl., 1. As will be explained in more detail below, none of these statutes or authorities provide a basis for Plaintiff's legal claims (and again, it is unclear which causes of actions Plaintiff brings in this lawsuit).

First, Plaintiff offers no specific allegations to support his claim that OneMain has violated the Truth in Lending Act ("TILA"). TILA is a federal law intended to assure a meaningful disclosure of credit terms so that the consumer will be able to compare the various credit terms available and avoid the uninformed use of credit. 15 U.S.C. § 1601; *see also Carmichael v. The Payment Center, Inc.*, 336 F.3d 636, 639 (7th 2003). While Plaintiff does not refer to any specific

---

[1] OneMain never repossessed any vehicles owned by Plaintiff.

sections of TILA in his Complaint (or any specific factual basis for a TILA violation), he does refer to the Illinois Motor Vehicle Retail Installment Sales Act (815 ILCS 375) and 15 U.S.C. § 1635, which is the recission provision of TILA. *See* Compl., p. 2. His argument here appears to be that there was a "failure to give notice."[2] *Id*. The recission provision of TILA, however, does not extend to automobile loans. The recission provision applies only to credit transactions involving "property which is used as the principal dwelling of the" consumer. 15 U.S.C. §1635(a). Thus, here, because Plaintiff's property at issue is an automobile, not a principal dwelling, he does not have a right to rescind pursuant to section 1635. *See, e.g., Blue v. Cap. One Auto Fin.*, 2022 WL 1092121, at *2 (N.D. Ohio Apr. 12, 2022) ("By the express language of the statute, this right of recission and the return of property apply only to residential mortgages. They do not apply to the purchase of a motor vehicle."); *West v. Wells Fargo Auto*, 2023 WL 199676, at *3 (E.D. Pa. Jan. 17, 2023) ("Courts routinely hold that the right to rescind under § 1635(a) does not apply to the purchase of motor vehicles.").

Second, the other authorities relied on by Plaintiff do not provide him with any basis for recovery based on an alleged repossession of his vehicle. Plaintiff relies on, among others, "the Securities Exchange Act Rule 10b-5, Illinois Statutes Chapter 720, § 5/16-1 (a)(2), GAAP (Generally Accepted Accounting Principles), [and] the Fifth Amendment of the United States Constitution." Rule 10b-5 is a Securities and Exchange Commission (SEC) regulation that prohibits securities fraud. Here, there are no facts at all alleged related to securities fraud—let alone facts giving rise to a plausible claim of securities fraud—and therefore Plaintiff has failed to state a claim based on Rule 10b-5. Plaintiff then points to a subsection of Illinois' *criminal* statute

---

[2] Even though he alleges a "failure to give notice," Plaintiff does not describe the vehicle that was allegedly repossessed, state when it was allegedly repossessed, or provide any other specific allegations as to the "wrongful repossession."

4

for theft, 720 ILCS 5/16-1(a)(2), but does not explain how or why he would have standing to sue based upon a criminal statute. Similarly, as to GAAP, there are no allegations whatsoever as to how or why OneMain has allegedly violated GAAP, and it is unclear what Plaintiff's cause of action is related to GAAP. Plaintiff's reliance on the Fifth Amendment is likewise off-base because a person asserting a Takings Clause claim must show, among other things, that a *governmental entity* took his property, and Plaintiff does not allege that OneMain is a governmental entity. *See Conyers v. City of Chicago*, 10 F.4th 704, 710-11 (7th Cir. 2021).

Finally, Plaintiff alleges—again, without providing any specific facts—that OneMain violated "Public Policy 7310, and House Joint Resolution (HJR) 192." As other courts have stated, recent claims based on this 1933 law that suspended the gold standard in the United States are wholly without merit and border on "conspiracy theory." *See, e.g., Sanford v. Robins Fed. Credit Union*, No. 12-cv-306, 2012 WL 5875712, at *3 (M.D. Ga. Nov. 20, 2012). The district court in *Sanford* explained the absurdity of these claims:

> Frankly, it is not clear to this Court how the Plaintiff finds support for his claims in the United States' suspension of the gold standard. His argument in this regard is vague and, at times, less than coherent. To some extent, it appears the Plaintiff hopes to advance a watered-down version of claims other plaintiffs have unsuccessfully attempted via Public Law 73-10, such as the "vapor money" theory, "unlawful money" theory, or "redemption" theory. *See McLaughlin v. CitiMortgage, Inc.*, 726 F. Supp 2d. 201 (D. Conn. 2010) (discussing these theories in depth and collecting cases that "universally and emphatically" reject them). Such claims are "equal parts revisionist legal history and conspiracy theory," and share a common thread in their use by plaintiffs seeking to avoid debt repayment. These theories appear to all somehow rely on various supposed consequences flowing from the 1933 suspension of the gold standard.
>
> For example, one tenant of "redemption" theory suggests that the United States has been bankrupt since suspending the gold standard in 1933, and that, as a result, the dollar is nonredeemable. Citizens thus became creditors for a bankrupt system, and the Federal Reserve Note became a debt note with no intrinsic value—or so the story goes. Another variation suggests that when an individual executes a promissory note in favor of a bank, he has actually provided the bank "money." The bank then deposits this "money" into its own account, lists it as an asset on its

5

> ledger, and lends it back to individual. Through bookkeeping procedures, the bank has supposedly created money even though it does not actually have gold-backed funds available to lend, and the note is thus void from the outset.
>
> .... Courts have widely rejected arguments seeking relief pursuant to theories based on Public Law 73-10. *See McLaughlin*, 726 F. Supp. 2d at 214 (collecting cases)....

*Sanford*, 2012 WL 5875712, at *3-4. In sum, even if Plaintiff had alleged more specific facts regarding his claim (which he does not), Plaintiff has no basis whatsoever to bring a claim against OneMain for an alleged violation of "Public Policy 7310, and House Joint Resolution (HJR) 192."

## CONCLUSION

Defendant, OneMain Financial Group, LLC, requests that this Court enter an Order granting its Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) without leave to amend, and for such other relief as this Court deems just and appropriate.

    Respectfully submitted,

    ONEMAIN FINANCIAL GROUP, LLC

    By:    */s/ Thomas J. McDonell*
            One of Its Attorneys

Thomas J. McDonell (#6317275)
QUARLES & BRADY LLP
300 North LaSalle Street, Suite 4000
Chicago, Illinois 60654
(312) 715-5000 | (312) 715-5155 (fax)
thomas.mcdonell@quarles.com